GEORGE HARLAN, ET AL. v. ENOCH HOWARD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—92.]

**Adverse Possession Gives Title.**

Where A. enters and takes possession of a well defined boundary and continues to reside within the boundary, claiming to the extent of same for more than fifteen years it bars the recovery of B., who asserts title thereto, but if B. first entered his possession extending to his patent boundary and A. thereafter enters he will be confined to his actual inclosure.

APPEAL FROM LEWIS CIRCUIT COURT.

May 16, 1885.

OPINION BY JUDGE PRYOR:

It is manifest from the testimony in this case that the appellees who are claiming under Miller have no paper title, and if they can defeat the recovery it must be by a continued adverse possession of the land for more than fifteen years prior to the bringing of appellants' action. In this case the appellees show a connected chain of title from the commonwealth down to the land in controversy, and an entry upon the land within the patent or those claiming under him. When that entry was made is not definitely ascertained, nor is it certain when Miller and those claiming under him entered within the patent boundary and made their marked lines, embracing the land in controversy.

If they entered prior to the entry by appellants and took possession of a well defined boundary, and continued to reside within the boundary, claiming to the extent of same for more than fifteen

years, it bars the recovery. If the appellants first entered, their possession extended to their patent boundary, and an entry afterwards by appellees would be confined to their actual inclosure.

The investigation of the testimony in this case is involved in much doubt as to the existence of any privity between the various occupants of this land on the part of appellees so as to create an adverse holding, and the instruction given at the instance of appellee seems to have ignored the fact that if they, holding the legal title, first entered upon the land, then the appellees could be confined to their actual inclosure.

The jury was told that if the appellees had the continued possession, claiming the land as their own to a well defined boundary for a period of fifteen years prior to the institution of the action, they must find for the defendant. This instruction was erroneous and misleading, for if the appellants first entered, and this the proof conduces to show, the appellees would be confined to their actual inclosure. The payment or non-payment of taxes was an immaterial question, and the evidence with reference thereto properly ruled out.

Judgment reversed and remanded for a new trial consistent with this opinion.

Judgment *reversed.* ·

*B. F. Bennett, for appellant.*

*Roe & Roe, for appellee.*